IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01813-PAB-CBS

JONATHAN LOMBARDI and
JENNIFER LOMBARDI,

    Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC.,
KAISER PERMANENTE MEDICAL GROUP, P.C., and
TERRENCE BOLAND, M.D.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Stipulated Motion to Dismiss and Remand to State Court [Docket No. 15] filed by plaintiffs Jonathan Lombardi and Jennifer Lombardi, as well as defendants Kaiser Foundation Health Plan, Inc., Kaiser Permanente Medical Group, P.C., and Terrence Boland, M.D.  In their motion, the parties request that the Court dismiss and remand this case to the District Court for the City and County of Denver, Colorado.

On June 5, 2013, plaintiffs filed this case in the District Court for the City and County of Denver asserting, among other things, that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  *See* Docket No. 3 at 3-4.  Plaintiffs served defendants with the summons and complaint. Docket No. 1 at 1-2 at ¶¶ 1-3 .  On July 10, 2013, defendants removed this action, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

In the present motion, the parties state that plaintiffs have filed an amended complaint, *see* Docket No. 16, which removes all allegations that raise any causes of action based on violations of ERISA. Docket No. 15 at 1. The parties request that the Court remand the case, asserting that the Court no longer has subject matter jurisdiction over this case because the amended complaint removes the ERISA claim, which is the sole basis for federal jurisdiction. *Id*. at 1-2.

Rule 15 of the Federal Rules of Civil Procedure instructs that courts should freely grant leave to amend in the absence of undue delay, prejudice, futility, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Pursuant to Rule 15(a)(2), after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, defendants filed an answer on July 17, 2013. *See* Docket No. 12. Because defendants stipulate to the amended complaint filed contemporaneously with this motion, plaintiffs' amended complaint is now the operative pleading in this case. Fed. R. Civ. P. 15(a)(2); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (noting that leave to amend the complaint shall be freely given).

However, contrary to the parties' assertion, the removal of the federal claim in this case does not prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), so long as removal was proper, the Court has discretion to exercise jurisdiction over pendent state law claims. As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis,

keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997).  In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id*. (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)).  The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).  Thus, a court's exercise of discretion is limited to determining whether compelling reasons justify retaining jurisdiction.  *See Brooks*, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction pursuant to § 1367(c)(3), but reversing the district court's grant of summary judgment on state law claims); *Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (district court has discretion either to remand or dismiss pendent claims over which it declines to exercise jurisdiction).

Because plaintiffs no longer pursue their ERISA claim, the Court finds no compelling reason to retain jurisdiction over the remaining state law claims.  Accordingly, the Court will grant the parties' stipulated motion and will remand the case to the District Court for the City and County of Denver.

For the foregoing reasons, it is

**ORDERED** that the Stipulated Motion to Amend Complaint, Dismiss For Lack of Subject Matter Jurisdiction, and Remand to State Court [Docket No. 15] is **GRANTED**. It is further

**ORDERED** that the case shall be remanded to the District Court for the City and County of Denver, Colorado where it was filed as Case No. 2013CV32565.

DATED August 7, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge